STEWART PAINT MFG. CO., a corporation, Appellant,

v.

UNITED HARDWARE DISTRIBUTING CO., a corporation, Appellee.

No. 15712.

United States Court of Appeals
Eighth Circuit.

Sept. 29, 1958.

Arthur S. Caine, Minneapolis, Minn., for appellant.

Wright W. Brooks of Faegre & Benson, Minneapolis, Minn., for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

I.

Appellant seeks, by purported motion for interpretation or clarification of our opinion, 253 F.2d 568, to have us extend the scope of the injunction directed to be issued against appellee for unfair competition, to cover also the particular color shades in which its paints were sold.

Our opinion directed only that "appellee should be enjoined from the using of appellant's color names and code

numbers on its paints and color charts, in the marketing by its dealers of its unrelated products". 253 F.2d at page 574. The term "color names" in this prohibition, as the preceding text, at page 573, indicates, had reference simply to such "artificial shade names" as appellant could properly claim to have devised or adopted for giving identification to particular colors or gradations thereof in its paint products. Designations which had a common significance and general use in the industry—such, for example, as calling a paint "white", "off-white", etc. —would, of course, not be within the prohibition intended against appellee.

It was our view that, in relation to the status which had previously existed between the parties the prohibition which the majority opinion directed against the use by appellee of appellant's color names and code numbers was sufficient to prevent any improper confusion, unfair trade benefit, or palming-off attempt, to which the situation could reasonably give rise, and that this was all the relief which the facts soundly required, as well as all the relief to which appellant was legally entitled.

As a matter of fact, we expressed doubt, at page 573, whether in the broad field of paint manufacture, where color is such a part of its essential domain and so much an incident of its service to the public, the law would recognize any preemptive right generally as to shades and colors of paint. But since the situation here did not in any event present a basis for claiming such secondary meaning as to call for consideration of that question, we did not decide it.

## II.

Appellee, in turn, has filed a petition for rehearing, seeking to escape the injunction which we directed, by in part shifting the battle line from that previously drawn in the litigation. Thus, among other things, the assertion is made that both parties "have now so completely revised the colors in which their respective lines of paint are offered, and their respective color charts, that there is not the slightest possibility of confusion between the two lines".

There is no right at this late date to attempt to have the issues changed in order to escape the injunction which has been granted. The course against which we directed the injunction was one which appellee had insisted throughout the litigation that it had the right to tread. Although it may now be willing to travel a different path, its previous conduct and its insistence upon the legality thereof still entitle appellant to have it prohibited from making any return thereto. Besides, appellant does not concede that the controversy between the parties has ceased. In fact, such charges and countercharges have been made in the respective motions and showings filed that we have deliberately withheld the present ruling, until there had been an opportunity for the parties to cool off a bit.

## III.

The motion of appellant and the petition of appellee are hereby in all respects severally denied. Mandate is directed to be issued forthwith.